FILE COPY



## CAUSE NO. 12-14-00342-CR

## IN THE COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT

## TYLER, TEXAS

| | | |
|---|---|---|
| **VERA LOUISE CLERKLEY, APPELLANT** | } | **APPEALED FROM 3RD** |
| **V.** | } | **DISTRICT COURT IN AND FOR** |
| **THE STATE OF TEXAS, APPELLEE** | } | **ANDERSON COUNTY, TEXAS** |

### *PER CURIAM ORDER ON ABATEMENT AND REMAND*

Appellant, Vera Louise Clerkley, pleaded guilty to felony theft and was placed on community supervision for five years. Subsequently, on the State's motion, the trial court revoked Appellant's community supervision and sentenced her to confinement in a state jail facility for one year. She now appeals "from the judgment of conviction and sentence" for the revocation of her community supervision. After examining the appellate record, we abate the appeal and remand the case for further proceedings. *See* TEX. R. APP. P. 25.2(a)(2), 34.5(c)(2), 37.1; ***Dears v. State***, 154 S.W.3d 610, 614-15 (Tex. Crim. App. 2005).

### The Trial Court's Certification

A trial court is required to enter a certification of a defendant's right of appeal in every case in which it renders a judgment of guilt or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2). In this case, the trial court's certification is dated October 20, 2014, and is signed by Appellant's counsel but not by Appellant. The certification states that this case "is a plea-bargain case, and the defendant has NO right of appeal" and that "the defendant has waived the right of appeal."

**The Record**

The clerk's record includes a document entitled "Felony Agreed Plea Recommendation" signed by Appellant and her counsel. The document reflects that it was signed in connection with Appellant's guilty plea to the charged offense–"THEFT PROP>=$1,500<$20K." The agreed sentencing recommendation was community supervision "24 months probated for 5 years." The document also contains a statement that **"DEFENDANT WAIVES ALL RIGHT TO APPEAL.** The judgment of conviction shows that the trial court sentenced Appellant in accordance with the plea agreement, and the trial court certification states that the case "is a plea-bargain case, and the defendant has NO right of appeal." Other documents in the clerk's record indicate that the State filed a motion to revoke Appellant's community supervision and that the trial court granted the motion. The reporter's record of the revocation proceeding shows that, after imposing sentence, the trial court advised Appellant that she had the right to appeal any decision the court made and that her counsel would do that for her.

**Applicable Law**

According to Texas Rule of Appellate Procedure 25.2(a)(2), a plea bargain case is one in which a defendant's plea was guilty or nolo contendere. However, the clerk's record shows that this is an appeal from a revocation of community supervision. Although the judgment revoking Appellant's community supervision includes a finding that Appellant pleaded "true" to the State's motion to revoke, nothing in the record indicates that this was a negotiated plea. Moreover, Rule 25.2(a) does not apply to negotiated pleas in revocation proceedings. *See Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Therefore, because the underlying case is a revocation of community supervision, it is not a plea bargain case.

Furthermore, the "Felony Agreed Plea Recommendation" that contains the purported waiver of Appellant's right to appeal was executed at the time she was placed on community supervision. A defendant may appeal her conviction and sentence at the time she is placed on community supervision. TEX. CODE CRIM. PROC. ANN. art. 42.12 § 23(b) (West Supp. 2014). A defendant also may appeal the revocation of her community supervision if, as here, she is "called on" to serve a sentence of confinement or incarceration. *See id.* Thus, for purposes of appeal, the revocation is a separate proceeding from the conviction and sentencing. The purported waiver signed by Appellant at the time she was placed on community supervision does not purport to waive her right to appeal any subsequent revocation. Therefore, the record does not reflect that Appellant has waived her right to appeal the revocation of her community supervision or the resulting sentence.

FILE COPY

**Abatement**

Based on our review of the record, it does not appear that this case is a plea bargain case or that Appellant waived the right to appeal the revocation of her community supervision or the resulting sentence. Consequently, it appears that the trial court's certification is defective. *See Dears*, 154 S.W.3d at 614 (holding that a defective certification includes one that is correct in form but, when compared to the record, proves to be inaccurate). Accordingly, we abate the appeal and remand the case to the trial court to conduct a hearing, if necessary, to reconsider its October 20, 2014 trial court certification.

We further direct that, after making its determination, the trial court re-certify whether Appellant has the right to appeal. The trial court shall cause any hearing to be transcribed, make findings of fact and conclusions of law supporting its determination, and issue any orders necessary for resolution of the issue. The trial court's findings of fact and conclusions of law, the re-certification, and any orders it renders shall be included in a supplemental clerk's record. The reporter's record of any hearing conducted shall be included in a supplemental reporter's record. The trial court shall, **within thirty days of the date of this order,** cause the clerk of the trial court and the court reporter to forward to this Court any supplemental record prepared in compliance with this order.

**WITNESS** the Honorable James T. Worthen, Chief Justice of the Court of Appeals, 12th Court of Appeals District of Texas, at Tyler.

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT**, at my office this the 18th day of February 2015, A.D.

CATHY S. LUSK, CLERK
12TH COURT OF APPEALS

By: *Katrina McClenny*
Katrina McClenny, Chief Deputy Clerk